## PATTERSON and another *v.* DUFF.

*(Circuit Court, W. D. Pennsylvania.* May 24, 1884.)

1. PATENTS FOR INVENTIONS—PRESUMPTION OF PATENTABILITY—RATCHETS FOR COUPLING BARGES.

The presumption of patentability, authorized by the grant of a patent, is not repelled where it is proved that no such device as a ratchet for coupling barges was in existence or use before the issue of the patent.

2. CONFLICTING EVIDENCE — BURDEN OF PROOF ON DEFENDANT — DOUBT RESOLVED IN FAVOR OF COMPLAINANT.

Where evidence of a fact is conflicting, but the burden of proof is on a defendant, a doubt will be resolved in favor of a complainant.

In Equity.

*J. J. Johnston, W. P. Potter,* and *D. F. Patterson,* for complainants.

*R. A. Balf,* for respondent.

Before BRADLEY and McKENNAN, JJ.

PER CURIAM. This is a suit upon a patent granted to the complainants February 7, 1871, No. 111,564, for an improvement in ratchet couplings for barges. Two grounds of defense are set up: (1) That the device or combination claimed in the patent does not involve invention, and is therefore not patentable. In view of the fact that no such device was in existence or use before, although there was a wide necessity for its employment and of its obvious utility, we are of opinion that the presumption of patentability authorized by the grant of the patent is not repelled, and that the objection is not well founded. (2) It is alleged that Thomas Duffy first conceived the idea of the invention, and that he described it to one of the complainants, and that thus they derived the idea from him. The burden of proving this allegation is upon the defendant, and hence it must be borne by the exhibition of preponderating and satisfactory evidence. The proofs are conflicting; and while we are of opinion that the scales incline in favor of the complainants, it can, at least, be said with confidence that the defense is not clearly sustained. That is enough to resolve the case in favor of the complainants.

If the validity of the patent is sustained, it is admitted that the defendant is an infringer. Hence the complainants are entitled to the relief prayed for.